STOULIG, Judge
(dissenting).
I respectfully dissent.
In my opinion the claimant was guilty of censurable conduct which adequately explains his employer’s failure to fully “take his side.” While the reprehensible attack upon Vesich cannot be condoned, it should not obscure the fact that the claimant himself was guilty of inexcusable conduct in calling the customer a “damn liar.” While I concur with the conclusion that the claimant was apparently doing his job properly and was wrongly accused of wasting time, I cannot accept the majority’s opinion that he was justified in defending himself in this manner. He did not merely inform the customer that he was mistaken, but, instead, using abusive language, accused him of deliberately lying, which accusation provoked the attack. The employer had a right to expect a more restrained response from his employee. He was entitled to expect that customers would be reasonably placated or that complaints would be referred to the attention of the proper supervisory personnel. This conclusion is in accord with the finding of the appeals referee as reflected in his report that the statement “the customer is always right” was intended only to mean that the customer should be placated in every way possible. It was certainly not meant to condone the attack.
*785 Under these circumstances I do not find his attitude and comments, which were made only in the presence of claimant, sufficient to constitute good cause for the termination by Vesich of eight years employment, which had been marked by only pleasant relations.
I do not feel it was the intention of the Legislature in enacting the Employment Security Law to provide for benefits to an employee who terminated his employment in a situation such as this. The Legislature recognized an obligation to prevent the spread of unemployment (LSA-R.S. 23:1471) and in LSA-R.S. 23:1601 specifically disqualified from the benefits of the act those who quit their jobs without work-connected good cause. It is my opinion that this disqualification applies to the present claimant and the award of compensation to him violates both the spirit and the letter of the legislative enactment upon which this suit is based.